956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re William Wesley CHOATE, Debtor.
The FARM CREDIT BANK OF WICHITA, Appellee,
v.
William Wesley CHOATE, Appellant.
 No. 91-6266.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN L. KANE, Jr., District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 The Farm Credit Bank of Wichita (Bank) commenced this adversary proceeding within Debtor's bankruptcy action, asserting state law tort claims for malicious prosecution, abuse of process, intentional interference with contractual relationships, and slander of title. Following trial, the bankruptcy court entered judgment in favor of the Bank in the amount of $499,606.32 on the claims of malicious prosecution, abuse of process, and slander of title. The court entered judgment in Debtor's favor on the claim of intentional interference with contractual relationships. The bankruptcy court further determined that this debt was nondischargeable because the debt was the result of a malicious and willful injury to the Bank. See 11 U.S.C. § 523(a)(6).
 
 
 6
 Debtor appealed to the district court, which affirmed. Debtor now appeals that affirmance to this court, asserting a number of arguments challenging the bankruptcy court's determination that Debtor was liable in tort, the amount of damages the bankruptcy court awarded, and the bankruptcy court's determination that the debt was nondischargeable.
 
 
 7
 We review the district and bankruptcy courts' legal conclusions de novo, but we will not disturb the bankruptcy court's factual findings unless clearly erroneous. In re Burkart Farm & Livestock, 938 F.2d 1114, 1115 (10th Cir.1991). Upon consideration of the parties' arguments, we determine this appeal lacks merit. We, therefore, affirm for substantially the reasons stated in the district court's order of June 17, 1991.[1]
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Bank's motion to attach the bankruptcy court's order to its brief is GRANTED. Debtor's motion to abate the appeal is DENIED